## WILLIAM CALMES, Tutor, et al. *v.* WILLIAM STONE and Wife.

An agreement, in writing, made by an attorney conducting a cause, and within the scope of his authority, is binding upon his client, although the counsel be changed.

There is nothing so irregular in the court granting leave to an attorney to withdraw a commission, for the purpose of having it properly authenticated, as to justify the rejection of the testimony.

APPEAL from the District Court of East Feliciana, *Stirling*, J. Jury case. *Muse* and *Merrick*, for plaintiffs. *J. B. Smith*, for defendants. By the court:

PRESTON, J. This is a petitory action, brought by the heirs of *Mrs. Calmes*, to recover a slave named *Isabella*. They allege, that the slave was given by their grand-mother to their mother, during life, and to them at her death. They prove it by a single witness, whose deposition was taken in the State of Missssissippi, under a commission.

The deposition was objected to, on the ground, that the commission to take it was issued by the deputy clerk of the district court in East Feliciana. An agreement was made, in writing, by the greater part of the members of the bar of East Feliciana, to waive this objection. It was signed by the counsel then conducting the defence in this case, and was, therefore, binding upon the defendants, although they changed their counsel.

The execution of the commission was also objected to, as not being properly authenticated by the Governor of the State of Mississippi. At first, it was not; but the plaintiff obtained leave from the court to withdraw the commission and testimony, and sent it back to the governor, who then authenticated it in due form. We see nothing so irregular in this as to justify the rejection of the testimony.

We have rarely seen a petitory action supported by such feeble testimony. A single witness proves, that the grand-mother of the plaintiffs, at a remote period, in South Carolina, loaned the slave to their father, and, by will, bequeathed her to their mother, during life, and to them, at her death. The slave is not mentioned in the will or inventory of the estate of the grand-mother.

The defendants have held the slave *bona fide* in this State, under an authentic act of sale, from one *Christian*, ever since the year 1840. But for the verdict of the jury, we should be compelled to nonsuit the plaintiffs. In consideration of that verdict, on evidence entirely unsatisfactory to us, we think it better to remand the cause, that the plaintiffs, who are minors, may have an opportunity of strengthening their case by other testimony. As to *Elizabeth B. Calmes*, one of the plaintiffs, there is no appeal, and the judgment must stand as to her. As to the other plaintiffs, the judgment of the district court must be reversed, and the cause remanded for another trial; and the appellees are condemned to pay the costs of the appeal.